■ In the Matter of the Arbitration between the BOARD OF EDUCATION, GREENBURGH CENTRAL SCHOOL DISTRICT No. 7, Respondent-Appellant, and GREENBURGH TEACHERS FEDERATION, LOCAL 1788 OF THE AMERICAN FEDERATION OF TEACHERS, AFL-CIO, et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 75 to vacate or modify an arbitration award, in which the Greenburgh Teachers Federation and Penny Stuart, the grievant, cross-moved to confirm the award, the parties cross-appeal from a judgment of the Supreme Court, Westchester County, entered February 23, 1978, which, *inter alia,* modified the award by vacating and deleting Item No. 6 thereof. Judgment affirmed, without costs or disbursements. Special Term properly deleted Item No. 6 from the award and confirmed the remainder thereof. Item No. 6 directed that the grievant be appointed to a fourth year as a probationary teacher, if a vacancy existed in another school in the district, and that the grievant execute a waiver of tenure claims as to such year. It is unclear from the record whether the grievant was dismissed at the end of her third and last probationary year, at which point her grievances were still pending before the arbitrator. However, even assuming, *arguendo,* that she was dismissed, it is conceded that the dismissal was not the subject of a grievance, that it was not submitted to the arbitrator as an issue and that the arbitrator did not rule upon the propriety of any denial of tenure. The teachers federation contends that the award of a fourth probationary year was simply the fashioning of a remedy reasonably related to the purpose of making the grievant whole for the contractual violations which occurred during the 1976-1977 school year. In other words, as the federation views this award, the arbitrator was merely giving the grievant another year of teaching, free of contractual violations, to make up for the year she had just completed. That award cannot stand. If based upon remedial considerations alone, as the federation urges, notwithstanding the arbitrator's broad power to fashion a remedy based upon "justice", the remedy bears no rational relationship to the contractual scheduling violations found, and interferes with the board's exclusive authority to make tenure decisions. If the award was based upon the arbitrator's unstated opinion as to the merits of the alleged dismissal, he exceeded his authority in making an award upon an issue not before him. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.